STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

*************************************

HOMESTEAD BAKING CO., d/b/a HOMESTEAD BAKING COMPANY OF EAST PROVIDENCE, RHODE ISLAND,
Plaintiff

VS. C.A. NO.: 05- 0269

BAKERY, CONFECTIONERY, TOBACCO WORKERS AND GRAIN MILLERS INTERNATIONAL UNION AFL-CIO, LOCAL 348,; ART MONTMINY, in his representative capacity of International Vice President; and TIMOTHY BENJAMIN, in his representative capacity of President/ Business Agent,
Defendants

*************************************

## ***COMPLAINT***

### *I. Nature of the Action*

This is an action pursuant to Rhode Island General Laws, §28-9-18 to Vacate, Modify, and/or Correct the Opinion and Award of Arbitrator John J. Mark dated October 19, 2004 (the "Award") in the matter of a grievance filed on February 6, 2004, some fifty (50) days after the "occurrence" of the event

### *II. Parties*

1. Homestead Baking Co., d/b/a Homestead Baking Company of East Providence, Rhode Island, is a corporation organized under the laws of the State of Rhode Island, and is a party to a Collective Bargaining Agreement with the Bakery, Confectionery, Tobacco Workers and Grain Millers International Union AFL-CIO, Local 348.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 JAN 18 P 2:14

1630
VAR
1001

2. Defendant, Bakery, Confectionery, Tobacco Workers and Grain Millers International Union AFL-CIO, Local 348, upon information and belief, is an unincorporated labor organization organized to represent employees in the collective bargaining process, and has had a representation relationship with employees of the Plaintiff for many years.

3. Defendant, Art Montminy, is the International Vice President of the Bakery, Confectionery, Tobacco Workers and Grain Millers International Union, AFL-CIO, and is sued in his representative capacity.

5. Defendant, Timothy Benjamin, is the President and Business Agent of the Bakery, Confectionary, Tobacco Workers and Grain Millers International Union, AFL-CIO, Local 348, and is sued in his representative capacity.

## *III. Facts*

6. On or about September/October, 2003, the Plaintiff and Defendant entered into contract negotiations for a successor Collective Bargaining Agreement to be effective September 28, 2003 through September 30, 2006. The purported Collective Bargaining Agreement is attached hereto as Exhibit #1.

7. Article IV entitled "Grievance and Arbitration Language," states, in relevant part:

> "(A) Grievances shall consist of disputes or disagreements concerning the interpretation and application of the provisions of this Agreement. Such issue shall first be discussed between the Employee and the Shop Chairperson with the Production Superintendent of the Company. Upon failure to reach an amicable adjustment within seven (7) calendar days of the occurrence of the grievance, it shall be reduced to writing by the aggrieved Party and submitted to the other Party who shall then have seven (7) calendar days to respond to the grievance in writing and return the written response to the other party.
>
> ***
>
> (C) If the Business Representative and the Plant Manager are unable to reach an amicable adjustment within ten (10) working days, then, within a period of

ıe Copy Attest
ce of Clerk of Superior Court
ınties of Providence & Bristol
vidence, Rhode Island

thirty (30) days thereafter, the Union may refer the matter to arbitration as provided herein.

(D) The Parties shall make every effort to select a mutually agreeable Arbitrator. Upon failure to so agree, the Parties shall request the Federal Mediation and Conciliation Service to submit a panel of five (5) suggested Arbitrators from which the selection will be made. The Party processing the grievance to arbitration shall first strike out two (2) names from the list. The name remaining on the list shall be designated the Arbitrator to hear and decide on the grievance."

8. Prior to the filing of the grievance, the Plaintiff had notified the Union President and Business Agent, Timothy Benjamin, on or about December 18, 2003 with respect to the issue of the modification of health care plans (see attached Exhibit #2).

9. Thereafter the Union filed a grievance dated February 6, 2004 (see attached Exhibit #3).

10. The Union thereafter pursued its grievance to arbitration. A hearing was held before Arbitrator John J. Mark on October 5, 2004 to hear evidence with respect to the issue of arbitrability.

11. At that hearing, the company presented evidence that clearly established that the grievance was not timely filed within the meaning of the grievance arbitration provisions of the Collective Bargaining Agreement.

12. The hearing was closed on October 5, 2004, and briefs were invited.

13. Thereafter, the Union submitted a brief, through its counsel, dated October 8, 2004 (see attached Exhibit #4).

14. Attached to that Brief is "Attachment A" a four (4) page Verizon telephone bill from telephone number (508) 820-9234 (see attached Exhibit #5). Significantly, this document was not presented in the presence of the parties, and/or before the Arbitrator.

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

15. On or about October 19, 2004, Arbitrator Mark issued his Decision and Award finding the matter in question to be arbitrable (see attached Exhibit #6).

16. In finding the matter to be arbitrable, the Arbitrator stated:

> "Mr. Benjamin stated that he called five or more times <u>and the union's exhibit of telephone calls from the union</u> to the Homestead Baking Company seems to corroborate this." (Emphasis Added) (Paragraph 1, Page 9 of Arbitrator's Decision and Award)

### *IV. Cause of Action*

17. Paragraphs 1 through 15 are hereby realleged and reasserted as if fully set forth herein.

18. The Arbitrator exceeded his authority when he accepted, and thereafter relief upon, an ex parte document submitted by the Union, and attached to its Brief as "Attachment A" (see attached Exhibit #5).

19. The Arbitrator's conduct violates the "fair and regular standards enunciated by the Supreme Court in <u>Spielberg Manufacturing Co.</u>, 112 NLRB 1080, 36 LRRM 1152 (1955).

20. The Arbitrator's conduct in accepting a post-hearing document outside the presence of the company, violates Rule 28 of the American Arbitration Association, wherein it states:

> **"28. Evidence**
>
> The parties may offer such evidence as is relevant and material to the dispute, and shall produce such additional evidence as the arbitrator may deem necessary to an understanding and determination of the dispute. An arbitrator authorized by law to subpoena witnesses and documents may do so independently or upon the request of any party. The arbitrator shall be the judge of the relevance and materiality of the evidence offered and conformity to legal rules of evidence shall not be necessary. <u>All evidence shall be taken in the presence of all of the arbitrators and all of the parties except where any of the parties is absent in default or has waived the right to be present."</u> (Emphasis Added)

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

21. The Arbitrator's unilateral decision to accept the Union's purported corroborating evidence (Attachment A to its Brief), further is in violation of Rule 29 of the American Arbitration Association Rules and Regulations regarding "Evidence by Affidavit and Filing of Documents," which states, in relevant part:

> "All documents that are not filed with the arbitrator at the hearing, but arranged at the hearing or subsequently by agreement of the parties to be submitted, shall be filed with the AAA for transmission to the arbitrator. All parties shall be afforded opportunity to examine such documents." (Emphasis Added)

22. The Arbitrator's Conduct in accepting the post-hearing document from the Union is in violation of The Code of Ethics and Procedural Standards for Labor Management Arbitration wherein it states:

> "When hearings are concluded, parties should not attempt to communicate any additional information to the arbitrator. If new evidence becomes available, written application for the re-opening of the proceedings with the reasons therefore should be made to the arbitrator and a copy transmitted simultaneously to the other party."[1] (Emphasis Added)

23. The Arbitrator's conduct in accepting evidence outside the hearing, without the parties having agreed to same, not only violates the Rules of the American Arbitration Association and The Code of Ethics, but implicates §28-9-18 in that the Arbitrator clearly imperfectly executed the powers vested in him.

24. The Arbitrator's conduct violates all tenants of due process and expected conduct and, therefore, the Decision and Award should be vacated forthwith.

25. In rendering the Award, the Arbitrator manifestly disregarded the provisions of the Collective Bargaining Agreement, and specifically Article IV, Section A requiring filing of grievances within seven (7) calendar days of the occurrence of the grievance.

rue Copy Attest

[1] Part III, §6, 15 LA 961, 966. The Code of Professional Responsibility which was intended to supersede the Code of Ethics is silent on reopening the hearing.

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

26. The Award does not draw from the essence of the Collective Bargaining Agreement.

27. The Award is not based on a passably plausible interpretation of the Collective Bargaining Agreement.

28. The Award is inconsistent with the plain language of the Collective Bargaining Agreement.

29. The Arbitrator's conduct is in violation of the Rules of the American Arbitration Association.

30. In rendering the Award, the Arbitrator reached an irrational result.

31. The Arbitrator is not free to dispense with his own brand of industrial justice, nor is he licensed to violate the tenants of due process, rules, regulations, and code of professional conduct of the American Arbitration Association, with respect to the issue of accepting evidence.

### *V. Prayer for Relief*

WHEREFORE, the Plaintiff, Homestead, respectfully prays that the Court enter an Order vacating, modifying, and/or correcting the Award, and grant it such other relief as the Court may deem just and proper.

HOMESTEAD BAKING CO., d/b/a
HOMESTEAD BAKING COMPANY
OF EAST PROVIDENCE, RHODE ISLAND
By its Attorney,

THOMAS J. McANDREW, ESQ. (#1001)
One Turks Head Place, Suite 205
Providence, RI 02903
(401) 455-0350
(401) 455-0882 (FAX)

Dated: January 18, 2005

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island